IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MAYRENE GRANGER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:06-cv-917-WKW |
| | ) |
| CITY OF ASHFORD, ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

**ANSWER TO COMPLAINT**

Defendants the City of Ashford, Alabama, and Bryan D. Alloway answer the plaintiffs' complaint as follows.

**I.   INTRODUCTION**

1. Denied.

**II.   JURISDICTION AND VENUE**

2. The defendants admit the Court has subject matter jurisdiction over the plaintiffs' claims, but deny the material allegations of those claims.

3. The defendants admit venue is proper in this Court, but deny all allegations of unlawful employment practices.

4. Denied. The Plaintiffs have not stated a cause of action under Title VII of the Civil Rights Act of 1964 and did not fulfill their administrative requirements with the EEOC.

**III.   PARTIES**

5. Admitted.

6. Admitted.

1

7. The defendants admit the City of Ashford is an employer and is covered by § 1981. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7. Therefore, they are denied.

8. Denied. Bryan Alloway is currently mayor of the City of Ashford, but was not the mayor during all periods of time mentioned in the plaintiffs' complaint.

## IV. FACTS AND CLAIMS

9. The defendants admit that Mayrene Granger has been employed by the City of Ashford for almost ten years and is still employed.

10. The defendants admit that Willie Mae Smith was employed by the City of Ashford for approximately five years and was terminated on or about October 14, 2004.

11. Denied.

12. Denied.

13. The defendants admit that plaintiff Granger was promoted to Utilities Director. At this time, the other material allegations of Paragraph 13 are denied.

14. The defendants admit that, in 2004, Larry Hubbard became Utilities Director and that plaintiff Granger was transferred to street and sanitation duties. At this time, all other material allegations of Paragraph 14 are denied.

15. The defendants admit plaintiff Granger no longer had an office, a city cell phone, or a take-home truck after her transfer in 2004. The defendants also admit that Larry Hubbard became plaintiff Granger's supervisor and that plaintiff Granger was no longer a department head. At this time, all other material allegations of Paragraph 15 are denied.

16. The defendants admit plaintiff Granger was permanently transferred to the street and sanitation department and converted to an hourly pay rate. At this time, all other material allegations of Paragraph 16 are denied.

17. The defendants deny the material allegations of Paragraph 17.

18. The defendants admit plaintiff Granger was asked to testify in court, but deny the remaining allegations of Paragraph 18.

19. The defendants admit plaintiff Smith started working full-time for the City of Ashford in 1999 and had worked part-time before that. The defendants also admit plaintiff Smith became bonded and accepted payments for water bills. At this time, all other material allegations of Paragraph 19 are denied.

20. At this time, all material allegations of Paragraph 20 are denied.

21. The defendants admit plaintiff Smith was promoted to Water Clerk in May 2001. At this time, all other material allegations of Paragraph 21 are denied.

22. The defendants admit plaintiff Smith worked as the Water Clerk from May 2001 until October 2004 and was terminated on or about October

14, 2004. At this time, all other material allegations of Paragraph 22 are denied.

 23. Denied.

 24. Denied.

## COUNT I

 25. The defendants adopt and incorporate by reference their responses to Paragraphs 1 through 24.

 26. Denied.

 27. Denied.

 28. Denied.

 29. Denied.

 30. Denied.

 31. Denied.

 32. Denied.

 33. Denied.

 34. Denied.

 35. Denied.

 36. Denied.

## PRAYER FOR RELIEF

 1. Denied.

 2. Denied.

 3. Denied.

 4. Denied.

## FIRST DEFENSE

The plaintiffs' complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Except to the extent expressly admitted herein, the allegations of the complaint are denied.

## THIRD DEFENSE

The defendants deny that plaintiffs are entitled to any relief whatsoever.

## FOURTH DEFENSE

The defendants made good faith efforts to comply with all federal laws.

## FIFTH DEFENSE

The defendants would have taken the same actions notwithstanding the plaintiffs' membership in a protected class.

## SIXTH DEFENSE

To the extent the plaintiffs failed to mitigate their alleged damages, if any, they are barred from recovering.

## SEVENTH DEFENSE

Neither race nor any alleged complaints of alleged discrimination were factors, determinative or otherwise, in any practice or decision regarding the plaintiffs.

## EIGHTH DEFENSE

Even if race or any alleged complaints of alleged discrimination were factors in any of the defendants' decisions, which defendants adamantly deny,

the same decisions would have been made regardless of plaintiffs' race or alleged complaints of discrimination.

### NINTH DEFENSE

The defendants have business justifications for their decisions.

### TENTH DEFENSE

All actions taken by the defendants were based on legitimate, non-discriminatory, non-retaliatory reasons, which were not pretextual.

### ELEVENTH DEFENSE

All actions taken by the defendants were for good cause, in good faith, and based on factors other than race or alleged complaints of alleged discrimination.

### TWELFTH DEFENSE

The plaintiffs have failed to assert a claim upon which punitive damages may be awarded.

### THIRTEENTH DEFENSE

The plaintiffs have no damages and as such are barred from recovery from the defendants.

### FOURTEENTH DEFENSE

The defendants acted reasonably at all times.

### FIFTEENTH DEFENSE

The defendants plead the doctrine of estoppel.

### SIXTEENTH DEFENSE

The plaintiffs were not subjected to disparate treatment.

### SEVENTEENTH DEFENSE

The defendants plead the doctrine of collateral estoppel.

### EIGHTEENTH DEFENSE

The plaintiffs' claims are barred by the doctrine of qualified immunity.

### NINTEENTH DEFENSE

The plaintiffs' complaint is barred in that they failed to exhaust the administrative prerequisites and conditions precedent to bringing this action.

### TWENTIETH DEFENSE

The defendants plead the statute of limitations and the doctrine of laches.

### TWENTY-FIRST DEFENSE

The defendants plead the doctrines of absolute immunity and sovereign immunity.

### TWENTY-SECOND DEFENSE

The defendants plead the doctrine of good faith immunity.

### TWENTY-THIRD DEFENSE

The plaintiffs' claims under 42 U.S.C. § 1983 are barred to the extent they are based on the doctrine of respondeat superior.

### TWENTY-FOURTH DEFENSE

The defendants plead that no policy or custom proximately violated any alleged constitutional rights.

**TWENTY-FIFTH DEFENSE**

The defendants plead that a policy or custom was not the moving force behind any alleged constitutional violation in this case.

**TWENTY-SIXTH DEFENSE**

The defendants plead that they were not deliberately indifferent to the plaintiffs' constitutional rights.

**TWENTY-SEVENTH DEFENSE**

The defendants plead the doctrine of substantive immunity.

**TWENTY-EIGHTH DEFENSE**

The defendants plead the doctrine of res judicata.

**TWENTY-NINTH DEFENSE**

The defendants plead the doctrine of unclean hands.

**THIRTIETH DEFENSE**

Any award of punitive damages would violate federal law and the United States Constitution.

**THIRTY-FIRST DEFENSE**

The defendants exercised reasonable care to prevent and correct promptly any alleged unlawful behavior, and the plaintiffs unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

## THIRTY-SECOND DEFENSE

Punitive damages may not be recovered from a municipality.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Walters v. City of Atlanta, 803 F.2d 1135, 1148 (11th Cir. 1986).

## THIRTY-THIRD DEFENSE

The plaintiffs' claims are barred by the doctrine of after-acquired evidence.

## PRAYER FOR RELIEF

Wherefore, having fully answered the complaint, the defendants request the complaint be dismissed with prejudice; that judgment be entered for the defendants; and that the defendants be awarded their attorney's fees, expenses, and costs herein plus such other general and equitable relief as this Court deems just and proper.

/s/ James H. Pike
James H. Pike  (PIK003)
Attorney for Defendants
The City of Ashford, Alabama, and Bryan D. Alloway

OF COUNSEL:

COBB, SHEALY, CRUM, DERRICK & PIKE, P.A.
P.O. Box 6346
Dothan, Alabama 36302-6346
Tel. (334) 677-3000
Fax (334) 677-0030
E-mail: jpike@cobb-shealy.com

**CERTIFICATE OF SERVICE**

  I, James H. Pike, certify that on December 26, 2006, I electronically served a copy of this document upon:

Bobbie S. Crook
367 South St. Andrews Street
Dothan, Alabama  36301

Ann C. Robertson
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama  35203

            **/s/ James H. Pike**
            James H. Pike